**Daniel L. LABIN, Appellant**

v.

**Pete GEREN, Acting Secretary of the Army, Appellee.**

No. 06–5143.

United States Court of Appeals, District of Columbia Circuit.

April 30, 2007.

Raymond Jewell Toney, Law Office of Raymond J. Toney, Astoria, NY, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Kevin Keith Robitaille, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. R. 36(b).

Colonel Daniel L. Labin, now retired from the United States Army, appeals the district court's grant of summary judgment in favor of defendant on his claim that the Secretary of the Army (the "Secretary") unlawfully refused to correct his military record. Colonel Labin had previously sought review before the Army Board for the Correction of Military Records ("ABCMR"), requesting removal of documents referencing an investigation that concluded Colonel Labin engaged in improper conduct and foreclosed his promotion to Brigadier General. He sought to have the results of the investigation expunged from his records because of procedural irregularities and lack of evidence. When the ABCMR denied his claims, Colonel Labin filed a complaint in district court, seeking an order directing the Secretary to remove from his record documents referencing the investigation or any other adverse actions against him, including documents referencing his removal from the promotion list.

Colonel Labin concedes that this court cannot review the propriety of the decision not to promote him. *See Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1511 (D.C.Cir. 1989). The denial of an application to correct records is, however, "reviewable under the APA, albeit by an unusually deferential application of the 'arbitrary or capricious' standard." *Id.* at 1514. The Secretary, acting through the ABCMR, may correct a military record if the applicant demonstrates by a preponderance of evidence that the records contain material error or injustice. 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 581.3(b)(4)(ii). We hold that Colonel Labin failed to demonstrate that any of the records he seeks removed contain falsehoods or other statements warranting correction. He has not shown that

the documents relating to the investigation contain an error or falsehood, or that retaining the documents in his record causes injustice. That a subsequent investigation reached a different conclusion as to whether all of the alleged incidents were substantiated does not render untrue the report of the initial investigation. Nor has Colonel Labin demonstrated that references to his denied promotion or other adverse actions are false or unfair. We thus have no basis on which to conclude that the ABCMR's denial of Colonel Labin's application was "arbitrary and capricious, contrary to law, or unsupported by substantial evidence." *See Frizelle v. Slater*, 111 F.3d 172, 176 (D.C.Cir.1997).

For these reasons we hold that the district court's grant of summary judgment in favor of the Secretary was correct. Accordingly, it is

ORDERED and ADJUDGED that the district court's entry of summary judgment for the Secretary is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R.App. P. 41(b); D.C.Cir. R. 41.